**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**CALVIN W.,**

**Plaintiff,**

**v.** **Case No. 20-CV-427**

**FRANK J. BISIGNANO[1],**
**Commissioner of Social Security,**

**Defendant.**

---

## ORDER ON MOTION FOR SUPPLEMENTAL ATTORNEY'S FEES

---

Currently pending before the court is an unopposed motion for an award of supplemental attorney's fees under 42 U.S.C. § 406(b)(1) filed by Cody Marvin, attorney for the plaintiff in this action. (ECF No. 35.)

**1. Procedural History**

The court has remanded the plaintiff's application for social security benefits to the agency on three occasions. After the first remand, the court approved the parties' stipulation to an award of attorney's fees under the Equal Access to Justice Act (EAJA) in the amount of $7,293.75. (*See Calvin W. v. Colvin*, No. 13-C-218 (ECF No. 17, Sept. 16,

[1] Frank J. Bisignano became the Commissioner of the Social Security Administration in May 2025. Accordingly, the Clerk of Court shall substitute Bisignano as the named defendant in this action. *See* Fed. R. Civ. P. 25(d).

2013).) After the second remand, the court approved the parties' stipulation to $9,687.90 in attorney's fees. (*See* Calvin W. v. Colvin, No. 15-CV-372 (ECF No. 35, Jan. 20, 2017).) The third remand came in the present action; the parties once again stipulated to an award of attorney's fees under the EAJA (ECF No. 31), which the court approved in the amount of $9,649.26 (ECF No. 32). In total, the plaintiff's attorney has received $26,630.91 for work on this matter under the EAJA.

Plaintiff's attorney also received $9,200.00 in administrative fees for representing plaintiff at his remand hearing. (ECF No. 33 at 2.)

On August 26, 2026, the plaintiff filed a motion for attorney's fees under 42 U.S.C. § 406(b)(1) (ECF No. 33). On August 27, 2026, the court granted the plaintiff's motion and approved an award of $73,561.75 less $9,200.00 in administrative fees previously awarded, resulting in a net fee award of $64,361.75 to plaintiff's attorney, Cody Marvin, subject to his obligation to refund his client $26,630.91 in EAJA fees already awarded. (ECF No. 34.)

Subsequently, Marvin received notice of an award for an auxiliary beneficiary, of which the Commissioner's Office of Central Operations withheld 25 percent, or $24,754.25, for attorney fees. (ECF No. 35 at 2.) Marvin then filed a motion for supplemental attorney's fees under 42 U.S.C. § 406(b)(1) for past-due auxiliary benefits awarded for plaintiff's auxiliary beneficiary, J.A.W. (ECF No. 35.) Marvin seeks an award in the amount of $12,000.00—less than the 25 percent of the combined past-due benefits

awarded to plaintiff's auxiliary. (ECF No. 35 at 1–2.) Marvin conferred with the Commissioner on this motion, and the Commissioner takes no position on the requested fee. (ECF No. 35 at 5.)

**2. Analysis**

Section 406(b)(1)(A) allows a successful claimant who was represented by counsel to receive "as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment…." 42 U.S.C. 406(b)(1)(A).

Within the 25 percent boundary, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. *Gisbrecht v. Barnhart*, 535 U.S. 789, 805 (2002). In making its determination, the court may consider the character of the representation and the results obtained, reducing the award if the attorney is responsible for delay in the proceeding that had the effect of inflating past-due benefits, or if the fee is so large in comparison to the amount of time counsel spent on the case that the fee would constitute a windfall for the attorney. *Id.* at 808.

The fee award requested is reasonable. Attorney Marvin obtained a good result for the plaintiff—and by extension his auxiliary. (ECF No. 35 at 1.) The plaintiff also agreed to pay 25 percent of the past due benefits awarded to his auxiliary. (ECF No. 35-2.) Moreover, the fee requested will not constitute a windfall for Marvin. Marvin spent 136.2 hours working on this matter and the resulting hourly fee based on the $76,361.75 award

(including the previous fee award under § 406(b) and prior to subtracting the EAJA award) would be $560.66 per hour. (ECF No. 35 at 2.) Other courts in this district have declined to classify awards as windfalls when they exceed even $1,000 in resulting hourly fees. *See Mentecki v. Colvin*, No. 14-CV-1110, 2019 WL 3323874, 2019 U.S. Dist. LEXIS 123294, at *2 (E.D. Wis. July 24, 2019) (citing *Peterson v. Colvin*, No. 12-CV-391 at Dkt. No. 32 (E.D. Wis. Sep. 3, 2015) (approving award resulting in implied hourly rate exceeding $1,000, based upon performance and client approval)); *Kolp v. Colvin*, No. 12-CV-842, 2015 WL 4623645, 2015 U.S. Dist. LEXIS 101139, at *1–2 (E.D. Wis. Aug. 3, 2015) (granting in full request for award equating to $1,118.44 hourly rate). As such, the court finds that $76,361.75 is a reasonable sum in light of the hours that Attorney Marvin spent working on this case.

The Court will grant plaintiff's motion and authorize a supplemental § 406(b) fee award of $12,000.00 to Attorney Marvin.

**3. Conclusion**

**IT IS THEREFORE ORDERED** that the plaintiff's motion for supplemental attorney's fees under 42 U.S.C. § 406(b) (ECF No. 35) is **GRANTED** and the court **APPROVES** the award of $12,00.00.

Dated at Milwaukee, Wisconsin this 2nd day of September, 2026.

WILLIAM E. DUFFIN
U.S. Magistrate Judge